UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LACHELLE WEBSTER,
    Plaintiff,

v.                                         CASE NO.

DOUGLAS A TULINO
Acting Postmaster General
UNITED STATES POSTAL SERVICE
    Defendant.
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff in and through the undersigned counsel to complain against the United States Postal Service for subjecting her to unlawful discrimination because of her gender and further subjecting her to a retaliatory hostile work environment after she engaged in protected activity. To support these claims, she says as follows:

### JURISDICTION/VENUE

1. This Court has jurisdiction to hear and resolve this matter under Article III of the United States Constitution.

2. This Court also has jurisdiction based on Title VII of the Civil Rights Act of 1964.

3. The venue is proper in the Middle District of Florida because all of the violations of the law complained about herein occurred in Tampa, Florida.

4. All conditions precedent were met prior to filing this action.

### PARTIES

5. The Plaintiff in this matter is Lachelle Webster.

6. The Defendant in this matter is the United States Postal Service.

1

## FACTUAL ALLEGATIONS

7. At all times relevant to this lawsuit, the Plaintiff was employed by the Defendant as a Mail Processing Clerk.

8. The Plaintiff is an African American female.

9. During the course of her employment with the Defendant, the Plaintiff made a complaint about what she believed, in good faith, was unlawful discrimination against her.

10. Specifically, the Plaintiff engaged in protected activity when she contacted management on or about December 21, 2021, about being harassed in the workplace.

11. Managers, such as MDO Jeremy Wray and Shift Manager Carolina Molina were aware of her prior protected activity because they were the named officials that the Plaintiff previously said subjected her to a hostile work environment.

12. During the course of her employment, the Plaintiff discovered that she was pregnant. The job that she performs typically requires extended periods of standing.

13. Due to medical concerns, the Plaintiff requested an accommodation in the form of limitations and modifications in the normal duties that she performed. She was officially awarded a modification. However, management was reluctant to recognize it and started to treat her in a hostile manner after it became aware that she was pregnant.

14. The Plaintiff was subjected to less favorable working conditions than non-Black mail processing clerks. Managers Molina and Perez treated the Plaintiff and other Black mail clerks in a hostile manner as it relates to the terms and conditions of their employment.

15. MDO Christopher Wray is a White male. Wray belittled and yelled at the Plaintiff. He also yelled at and regularly treated other Black females with contempt and disdain.

16. The area where the Plaintiff was assigned to work during her pregnancy was not air-conditioned or sufficiently ventilated. Resultantly, on one occasion the Plaintiff became over heated while working that area.

17. On one occasion the Plaintiff was working in an area that was called the cage. She had a chair because she was pregnant. Wray came into the area and snatched the chair from her which required her to stand to do the job.

## COUNT I DISCRIMINATION BECAUSE OF GENDER

18. The Plaintiff incorporates by reference as though fully stated herein the allegations contained in paragraphs 1-17.

19. The Plaintiff was in a protected class, to wit, she is a woman.

20. The Plaintiff was qualified to perform the task of Mail Processing Clerk. She met the minimum requirements of the job as it is spelled out in the position description.

21. The Plaintiff suffered an adverse employment action when she was treated differently because she was a woman. When she became pregnant, she was subject to the terms and conditions of the employment that her male counterparts were not subjected to. She was written up repeatedly for allegedly not working when she stopped momentarily to fan herself because the area where she was assigned to work was not properly vented, and she became overheated.

22. The Plaintiff was reprimanded and had her pay unfairly reduced, allegedly because she was not working, specifically because she was charged with Leave Without Pay (LWOP).

23. The Plaintiff's similarly situated male colleagues did not have their pay docked for not working or for taking breaks.

24. The Defendant's actions against her were motivated in part if not entirely, because the Plaintiff was a female.

## COUNT II DISCRIMINATION BASED ON RACE

25. The Plaintiff incorporates by reference as though fully stated herein the allegations contained in paragraphs 1-17.

26. The Plaintiff was in a protected class, to wit, she is Black.

27. The Plaintiff was qualified to perform the task of Mail Processing Clerk. She met the minimum requirements of the job as outlined in the position description.

28. The Plaintiff suffered an adverse employment action when she was treated differently because she is Black. Throughout her employment with the Defendant, she was subject to terms and conditions of employment that differed from those of who were not Black. She was written up repeatedly for allegedly not working when she stopped momentarily to fan herself because the area where she was assigned to work was not properly vented, and she became overheated.

29. The Plaintiff was reprimanded, and her pay was unfairly reduced/docked, on more than one occasion, allegedly because she was not working.

30. The Plaintiff's similarly situated Hispanic and White colleagues were treated more favorably than she was. To wit, they did not have their pay docked/reduced for not working or for taking breaks.

31. The Defendant's actions against her were motivated, in part if not entirely, because the Plaintiff is Black.

## **COUNT III RETALIATORY HOSTILE WORK ENVIRONMENT**

32. The Plaintiff incorporates by reference as though fully stated herein the allegations contained in paragraphs 1-17.

33. The Plaintiff engaged in protected activity when she complained about being subjected to unfair and discriminatory treatment in the past.

34. After the Plaintiff engaged in protected activity, she was subjected to multiple and continuing retaliatory and adverse employment actions.

35. The Plaintiff was falsely accused of taking breaks while she was on the clock. Her pay was reduced/docked on more than one occasion. She was also subjected to Investigative Interviews, which were acts of intimidation that were aimed at deterring her from further participation in protected activity.

/s/ *Jerry Girley*
JERRY GIRLEY, ESQUIRE
Florida Bar No: 35771
THE GIRLEY LAW FIRM PA
117 East Marks Street Suite A
Orlando, Florida 32803
Tel: 407-540-9866
Fax: 407-540-9867
phyllis@thegirleylawfirm.com